# CIRCUIT COURT OF THE CITY OF NORFOLK

Estate of
Terry Winters

v.

Sentara Hospitals

October 12, 2000

Case No. (Law) L97-1413

BY JUDGE JOHN C. MORRISON, JR.

This matter comes before the Court on defendant Sentara Hospitals' Motion to Exclude Expert Testimony of Dr. Russell Tackett. This medical malpractice case arises from plaintiff's treatment and care as a patient at Sentara Norfolk General Hospital. Plaintiff underwent a urologic procedure and suffered complications causing his death. Plaintiff asserts in its Motion for Judgment that Winters was an obese man suffering from high blood sugar levels and was at high risk for a blood clot because of the type of procedure being performed, all of which defendants were aware. Plaintiff was confined to his bed after the procedure for about five days and remained inactive which allowed blood to pool, as opposed to moving through the venous system, thereby increasing his risk of death. Plaintiff did in fact die on November 2, 1993, allegedly from a pulmonary embolism.

Plaintiff identified one expert witness, Dr. Tackett, to testify that the decedent's "Kendall stockings" were not working because of a defective pump which was not detected in time to save decedent's life. Dr. Tackett also proposes to testify that this occurrence was a deviation from an acceptable standard of care by the nurses at the hospital. Dr. Tackett concedes that the physicians who performed the procedure did so successfully. Defendants oppose plaintiff's use of this expert. Defendants assert that Dr. Tackett fails to meet the statutory requirements to qualify as an expert against any employee of the hospital, especially nurses.

The applicable statute is Virginia Code § 8.01-581.20. That section states in relevant part:

> [t]he standard of care by which the acts or omissions are to be judged shall be that degree of skill and diligence practiced by a reasonably prudent practitioner in the field of practice or specialty in this Commonwealth and the testimony of an expert witness, otherwise qualified, as to such standard of care shall be admitted . . . . Any physician who is licensed to practice in Virginia shall be presumed to know the statewide standard of care in the specialty or field of medicine in which he is qualified and certified.

"Otherwise qualified" is defined as follows:

> A witness shall be qualified to testify as an expert on the standard of care if he demonstrates expert knowledge of the standards of the defendant's specialty and of what conduct conforms or fails to conform to those standards and if he has active clinical practice in either the defendant's specialty or a related field of medicine within one year of the date of the alleged act or omission forming the basis of the action.

Virginia Code § 8.01-581.20. In the case at bar, Dr. Tackett is a board certified urologist. In his deposition testimony, Dr. Tackett was asked whose obligation it was to make sure the machine was working and to replace it if the machine malfunctioned. He replied that it was the responsibility of the nursing staff. *See* Dr. Tackett's Deposition Testimony at 73-74. Based on this response, the Court thinks it clear that plaintiff is seeking to allow Dr. Tackett to testify as to the standard of care of nurses at the hospital. He has no active clinical practice as a nurse or other hospital employee, no training as such, and has never practiced as anything other than a physician (with the exception of employment as a phlebotomist in 1970). Therefore, he is not in the same "specialty or a related field" as a nurse and cannot demonstrate expert knowledge of the standards in a nurse's field of practice. The fact that Dr. Tackett has had occasion to work with or supervise such individuals in his residency and clinical experience does not make him an expert on their standard of care. While Dr. Tackett is qualified to testify as to the health implications of defective stockings and machines, the fact remains that nurses are the predominant individuals involved with post-operative care which is at issue in this case.

366

Based on the authorities submitted and arguments made, the Court sustains defendant's motion to exclude Dr. Tackett's testimony as an expert regarding the standard of care by which the alleged acts or omissions of the Sentara nurses should be judged.